| | | |
|---|---|---|
| SSG ADAM CLOER, Surviving Spouse and Administrator, and Personal Representative of The Estate of MELODEE CLOER<br><br>Plaintiff<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | § § § § § § § § § § § § § § § § § | No. 3:09-CV-1119<br><br><br>JUDGE NIXON<br><br><br>MAGISTRATE JUDGE KNOWLES |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S, UNITED STATES OF AMERICA, MOTION TO DISMISS

Plaintiff, Staff Sergeant Adam Cloer ("SSG Cloer"), respectfully requests the Court to deny Defendant United States of America's ("the United States") motion to dismiss and allow this case to proceed to trial on May 31, 2011.

The United States' motion should be denied for three reasons:

- The United States filed its dispositive motion on April 22, 2011—almost six months past the dispositive motion deadline set by this Court. (*See* Court's Case Management Order, Doc. 11). The United States' late motion should be denied on this ground alone.

- The limitations provisions of the Federal Tort Claims Act ("FTCA") preempt the limitations provisions of Tennessee's state law of repose. Judge Haynes recently held exactly that in Jones v. United States, No. 3:09-cv-00986, Doc. 51, at *1 (M.D. Tenn.

Apr. 25, 2011). Despite the direct conflict with Federal law presented by Tennessee's repose statute, the United States asks this Court to elevate Tennessee's limitations law above the Federal limitations law found in the FTCA. The Court should decline such an invitation.

- Assuming *arguendo* that Tennessee's limitations statute of repose applies, SSG Cloer's claims were timely filed. In its motion to dismiss, the United States ignored salient facts related to its negligent conduct which place SSG Cloer's claims well within the three-year repose statute.

Any of these three reasons serve as grounds for denying the United States' untimely motion to dismiss. As such, SSG Cloer respectfully requests the Court to expeditiously enter an Order denying the motion so that settlement discussions can continue and/or trial on the merits may proceed as scheduled.

## ARGUMENT

### I. The United States' Filed its Dispositive Motion Late

The Court set the dispositive motion deadline for November 1, 2010. (*See* Court's Case Management Order, Doc. 11). Local Rule 16.01(d) requires the dispositive motion deadline to be set well before the trial date and no later than ninety (90) days before trial so that the parties can seek resolution of the dispute and/or properly prepare for trial.[1] The United States, however, filed its motion to dismiss almost six months after the Court-ordered deadline and just one month before the pre-trial conference. The United States offered no good cause for filing its eleventh

***

[1] LR 16.01(d)(2)f provides in relevant part: "The dispositive motion deadline shall be set sufficiently in advance of the target trial date to allow for resolution of the dispositive motions in advance of trial. No dispositive motion deadline, **including response and reply briefs**, shall be later than ninety (90) days in advance of the target trial date." (Emphasis added).

hour motion, and cannot provide one. The alleged bases for the United States' motion were first described in Plaintiffs' Original Complaint filed on November 24, 2009. (*See* Plaintiffs' Original Complaint, Doc. 1). Indeed, the only section of Plaintiffs' First Amended Complaint that the United States cites in support of its motion to dismiss remained unchanged from Plaintiffs' Original Complaint filed on November 24, 2009. (*See* United States of America's Memorandum in Support of Its Motion to Dismiss Plaintiff's Proposed First Amended Complaint, Doc. 23, p.2)[2]

In addition, counsel for the United States filed an almost verbatim motion to dismiss with this Court in another FTCA medical malpractice case on January 7, 2011, and another in Judge Haynes' court on January 11, 2001. (*See* United States of America's Motions to Dismiss in Suter et al., v. U.S.A, Civil Case No. 3:-10-cv-01012, Doc. 14, 15) (Kennedy, S.D., AUSA); and Jones v. United States, No. 3:09-cv-00986, Doc. 37, 38 (Kennedy, S.D., AUSA). So the United States' filing of a form motion to dismiss in this case well past the Court's deadline cannot be excused for any "new" reason or factual basis that did not exist long before the Court's deadline.

Instead, the United States filed its dispositive motion shortly after its expert colorectal surgeon admitted under oath that the United States breached the standard of care and proximately caused SSG Cloer's wife's damages, including her death.[3] The fact that the United States filed its

***

[2] Compare to Plaintiff's Original Complaint, Doc. 1, ¶ 6.12 which, for purposes of the factual basis upon which the United States relies in its motion, is identical to ¶ 6.12 of Plaintiff's First Amended Complaint, Doc. 22-1.

[3] *See* Deposition testimony of The United States' expert Daniel Othcy, M.D., pp. 54-61 (admitting The United States' breach of the standard of care in October 2006) and pp. 69-71 (admitting causation of damages and that Ms. Cloer's rectal cancer would have been treated at stage I or stage II which has a 90% and 75-80% survival rate, respectively). The excerpts are attached as Exhibit A.

motion so soon after its expert admitted negligence and causation raises the question of why its motion was filed so late and without good cause. In any event, the United States failed to provide good cause for its violation of the Court's scheduling order. For this reason alone, the United States should be denied the relief it seeks.

## II. The FTCA Preempts Tennessee's Conflicting State Law

The FTCA provides the exclusive remedy for recovery against the United States for torts committed by its employees acting within the scope of their employment. 28 U.S.C. §1346(b), §2401(b), §2675(a). The FTCA requires the claimant to follow specific administrative pre-suit procedures that, if violated, constitute a jurisdictional bar to filing suit. 28 U.S.C. §2675(a).

SSG Cloer filed the administrative claims on March 24, 2008. First Amended Complaint, Doc. 21-2, ¶ 3.1, 7.1. The United States did not acknowledge the receipt of the family's claims until August 11, 2008, five months after the original administrative filing.[4] After spending well over six months attempting to resolve the claim administratively with the Department of the Army, SSG Cloer filed suit on November 24, 2009. Id. Mrs. Cloer died on May 6, 2010. First Amended Complaint, Doc. 21-2, ¶ 1.1. SSG Cloer was appointed representative of his wife's estate and then presented claims on behalf of his wife for wrongful death on September 27, 2010. Id. at ¶ 3.2. After passage of the statutorily required six month administrative period, SSG Cloer filed his First Amended Complaint on March 29, 2011, to add the wrongful death claims. Id.

The United States concedes, as it must, that SSG Cloer complied with all of the procedural and jurisdictional prerequisites of the FTCA and that his suit is properly filed in this

***

[4] *See* Acknowledgment of Receipt letter from the Army Claims Service dated August 11, 2008, attached as Exhibit B. The United States advised SSG Cloer that his administrative claims **tolled** the statute of limitations "indefinitely or until the Army takes final administrative action in writing on the claim." (Emphasis added).

Court.  (*See* United States of America's Memorandum in Support of Its Motion to Dismiss Plaintiff's Proposed First Amended Complaint, Doc. 23, p.2).  And Defendant acknowledges that Defendant did not deny SSG Cloer's within six months of presentment thereby triggering the "deemed denial" section of the FTCA.[5]  Thus, the United States presents SSG Cloer with a Sophie's choice—follow the state repose law and face dismissal for failure to exhaust remedies under the FTCA or follow the FTCA and face dismissal for violating the state repose statute.[6]  It is this type of conflict that the preemption doctrine was designed to resolve and, once applied, proves fatal to The United States' position.

### A.  The Preemption Doctrine Applies to SSG Cloer's Case.

Application of well-settled preemption law requires denial of The United States' motion.  The preemption doctrine is rooted in the Supremacy Clause of the Constitution and stands for the general proposition that courts implement Congress' intent for a federal law to trump the enforceability of a state law.  *See* Fidelity Fed. Sav. & Loan Assoc. v. De La Cuesta, 458 U.S. 141, 152-153 (1982); *See also* U.S. Const., ART. VI, CL. 2.  A federal law preempts a state law when the state law conflicts with the federal law. *See* Michigan Canners & Freezers Assoc., Inc., v. Agricultural Marketing and Bargaining Board, 467 U.S. 461, 469 (1984).  A conflict arises when compliance with both federal law and state law is impossible or in circumstances where the state law serves as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.  *See* Stychno v. Ohio Edison Co., 806 F.Supp. 663, 668 (N.D. Ohio

---

[5] In fact, the Cloer family properly presented its administrative Form 95 to the Department of the Army on March 24, 2008—within **two months** of her rectal cancer diagnosis (and discovery of Defendant's negligence) in February 2008.  *See* Plaintiffs' Original Complaint, ¶3.1, Doc. 1.

[6] As discussed in section III, *infra,* SSG Cloer's claims survive the Tennessee's statute of repose when the entire facts of The United States' negligence are applied.

1992) (*citing* Florida Lime & Avocado Growers, Inc., v. Paul, 373 U.S. 132, 142-143 (1963) and Hines v. Davidowitz, 312 U.S. 52, 67 (1941)). SSG Cloer's case implicates both types of the conflict situations.

### 1. SSG Cloer cannot follow the state law and the FTCA.

The United States takes the unusual position that despite meeting all FTCA requirements, SSG Cloer's wrongful death claims expired **one year before** Ms. Cloer died.[7] In other words, according to The United States, SSG Cloer could not follow both the state repose statute and the dictates of the FTCA.[8]

In Kubrick v. United States, the Supreme Court held that the FTCA is a "substantive part of the United States' waiver of immunity which **preempts any** applicable state limitations period." 444 U.S. 111, 117 (1979) (Emphasis added). In fact, the Kubrick Court stated that the statute of limitations period is a statute of **repose**. Id. (Emphasis added). In Conn v. United States, the Sixth Circuit effectively gutted the United States position because it held that the FTCA limitations statute is a repose statute that can indefinitely toll the federal claim.

***

[7] United States of America's Memorandum in Support of its Motion to Dismiss Plaintiff's Proposed First Amended Complaint, Doc. 23, p.5.

[8] In the event the United States replies that SSG Cloer could have filed the wrongful death claims before Ms. Cloer's death, it is important to note yet another conflict that arises between federal and state law. The FTCA requires Plaintiffs to submit a new administrative Form 95 upon the death of a claimant even if, as here, the decedent's suit was already filed. Of course, SSG Cloer complied with the FTCA and filed the Form 95 claim for wrongful death with the Department of the Army following his wife's death, waited the required six plus months for administrative review, and then filed his amended complaint reflecting the wrongful death status. The United States concedes this was proper and required by the FTCA yet concludes that the state repose statute expired the wrongful death claim almost one year before compliance with the FTCA on the same claim even existed. Such an absurd result highlights another direct conflict between the substantive jurisdictional requirements of the FTCA and the alleged application of the repose statute in this case (though as discussed in section III, *infra,* SSG Cloer's claims are timely even assuming application of the repose statute).

Specifically, the Sixth Circuit held that §2675(a) of the FTCA provides **no outside limit** on when an FTCA claim may be brought if the claimant, as here, exhausts administrative remedies. Conn v. United States, 867 F.2d 916, 917 (6th Cir. 1989) (court held that the constructive denial portion of the FTCA allows the claimant to file suit at any time after the six months has passed and there has been no denial) (emphasis added); *see also* Ellison v. United States, 531 F.3d 359, 363 (6th Cir. 2008) (reaffirming Conn's logic). Conn went a step further by rejecting a request to place a six (6) year repose on FTCA claims or an alternative more flexible repose of a "reasonable time after the six month period expires." Id. at 920-21. The court ultimately held that suit filed four years after the form 95 filing was not barred because the FTCA contemplates an indefinite tolling of limitations as part of the condition of its sovereign immunity waiver. Id.

Multiple courts of appeal have also acknowledged that the FTCA's limitations period is also a statute of repose.[9] The Tennessee statute of repose stands in direct conflict with the FTCA limitations sections which the Supreme Court, the Sixth Circuit, and other courts have determined to be statutes of repose. The United States' position asks this Court to contradict these lines of cases by holding that the jurisdictional dictates of the FTCA which preempt any applicable state limitations should, in this one case, be set aside.

The United States cites no binding authority for this novel argument. By contrast, courts have held that federal limitations statutes preempt state statutes of repose. E.g., Jones v. United

***

[9] Rakes v. United States, 442 F.3d 7, 20 (1st Cir. 2006) ("The limitations provision of the FTCA is, like most statute of limitations, in part a rule of repose."); Lekas v. United Airlines, Inc., 282 F.3d 296, 300 (4th Cir. 2002) ("Statutes of limitations are statutes of repose") (quoting Kubrick, 444 U.S. at 117); Landreth v. United States, 850 F.2d 532, 535 (9th Cir. 1988) (same); Wollman v. Gross, 637 F.2d 544, 555 (8th Cir. 1980); Stoleson v. United States, 629 F.2d 1265, 1271 (7th Cir. 1980) (concluding that the plaintiff "is not the kind of plaintiff nor is this the kind of case that a statute of repose like section 2401(b) or the Kubrick decision seek to protect against.").

States, No. 3:09-cv-00986, Doc. 51 at *1 (M.D. Tenn. Apr. 25, 2011). In Jones, Judge Haynes recently held that the FTCA's administrative remedies provisions preempt Tennessee's malpractice statute of repose.[10] Jones is a case almost on all fours with the instant case. Also, in A.S.I., Inc. v. Sanders, the court rejected an identical claim that the mere fact that a state statute of repose might be deemed substantive law immunizes a party from preemption under federal law. 835 F.Supp. 1349, 1358 (D.Kan. 1993). The court held that state statute of reposes are treated the same as state statutes of limitations for purposes of preemption analysis. Id. Likewise, in Holland v. Kitchekan Fuel Corp., 137 F.Supp2d 681, 685 (S.D. W.V. 2001), the court held that the state statute of repose conflicted with the limitations section of the federal Coal Act and therefore the federal law preempted the state repose statute. In Chatham Steel Corp. v. Brown, the court rejected Defendant's attempt to apply South Carolina's statute of repose. 858 F.Supp. 1130, 1150-1151 (N.D. Fla. 1994). Because the state repose law conflicted with the limitations periods in the federal statute, the court held that the federal law preempted the state repose law. Id.

Indeed, as recently as last week the United States Supreme Court re-affirmed the supremacy of federal statutes which conflict, even indirectly, with a state substantive law. In AT&T Mobility LLC v. Concepcion, the Court reaffirmed established preemption doctrine when state law "stands as an obstacle to the accomplishment and execution of the full purpose and

***

[10] Pursuant to the Court's local rules, SSG Cloer attaches Judge Haynes' opinion in Jones v. United States of America, attached as Exhibit C.

— 8 —

objectives of Congress." AT&T Mobility LLC v. Concepcion, No. 09-893, 2011 U.S. LEXIS 3367, at *18 (Apr. 27, 2011).[11]

Despite this well-established precedent from the Supreme Court down to the recent decision in this district (Jones v. USA), the United States incorrectly posits that Tennessee's statute of repose must apply because it is substantive state law. This position has been rejected repeatedly by the courts when answering preemption questions. For the purpose of preemption, the fact that Tennessee's statute is substantive is immaterial. *See* Zander v. U.S.A., 2011 U.S. Dist. LEXIS 9860 (D. Md. Feb. 2, 2011)[12] (citing Stonehedge/Fasa Texas JDC v. Miller, 1997 WL 119899, at *2 (5th Cir. 1997)) (holding that "preemption does not turn on whether the state statute is 'procedural' or 'substantive.' Preemption is a question congressional intent and in the case of conflict preemption presented here, depends on whether there is a direct conflict between the federal and state law…."). In Wyatt v. Syrian Arab Republic, 398 F.Supp2d 131, 143 (D.D.C. 2005), the court looked to the FTCA to conclude that even though "Congress may choose to waive a foreign state's immunity and allow causes of action to be brought against it 'in the same manner and to the same extent as a private individual under like circumstances' it is not therefore stripped of its authority to require its own statute of limitations to apply." In this case, The United States seeks to brush aside this jurisdictional provision of the FTCA which is a condition of the sovereign's waiver of immunity in favor of a conflicting state statute of repose. The Court should deny the United States attempt to white wash established preemption jurisprudence.

***

[11] Pursuant to the Court's local rules, SSG Cloer attaches the Supreme Court opinion in AT&T v. Concepcion, attached as Exhibit D.

[12] Pursuant to the Court's local rules, SSG Cloer attached the Zander opinion as Exhibit E.

### 2. The repose statute frustrates the purposes and effect of the FTCA.

The state repose statute also conflicts with the FTCA because it interferes with and frustrates the purposes and effect of the federal law. Florida Lime & Avocado Growers, Inc., v. Paul, 373 U.S. 132, 142-143 (1963) (Court holding application of preemption doctrine where state law serves as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress). Even an indirect conflict between the state and federal law requires preemption of the state law if it undermines the larger policy objectives of the federal statute. AT&T Mobility LLC v. Concepcion, 130 S. Ct 3322, at *18 (Apr. 27, 2011).

The FTCA provides that if the federal agency has not finally disposed of the claim within six months, then the Plaintiff can consider the inaction a deemed denial and may file suit at **any time thereafter** or allow the claim to remain in the administrative phase. 28 U.S.C. §2675(a); *See also* Parker v. United States, 936 F.2d 176, 178 (9th Cir. 1991); Taumby v. United States, 919 F.2d 69, 70 (8th Cir. 1990) (holding there is **no time limit** for the filing of an FTCA action when an administrative claim is deemed to be denied under 28 U.S.C. §2675(a) by virtue of the agency's failure to finally dispose of the claim within six months). This constructive denial portion of the FTCA allows the claimant to file suit at any time after the six months has passed and provides **no outside limit** on when an FTCA claim may be brought if the claimant, as here, exhausts administrative remedies and the agency has not issued a denial. Conn v. United States, 867 F.2d 916, 917 (6th Cir. 1989). By requesting application of the Tennessee repose statute despite its conflict and interference with the FTCA requirements, the United States positions the "state law as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *See* Stychno v. Ohio Edison Co., 806 F.Supp. 663, 668 (N.D. Ohio 1992).

The FTCA creates a nationally uniform timeframe and procedure by which federal torts are brought against the United States: first, by filing with the appropriate agency within two years of accrual and second, by filing with a federal court any time after the claim is deemed denied or within six months after the claim is actually denied. The statute expressly permits SSG Cloer to await a final agency decision before filing his suit. The United States contends that the Tennessee repose limitations law should override these FTCA provisions. But the courts "are not free to construe [the FTCA] so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims … we should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended." United States v. Kubrick, 444 U.S. 111, 117–18 (1979) (internal citations omitted). Application of the state repose statute, as the United States describes, presents obstacles and impediments to accomplishing the execution and purposes of the FTCA that Congress intended. Florida Lime & Avocado Growers, Inc., v. Paul, 373 U.S. 132, 142-143 (1963).

It is the United States position that SSG Cloer's statutory obligation (under the FTCA at least) to cooperate with the Department of Army during and beyond the initial six month administrative period was fatal to his right to file suit because it placed the time limit beyond the state repose statute. Thus, the United States seeks a modification of the federal sovereign immunity waiver found in the FTCA even though "[c]ourts are not at liberty to 'take it upon [them]selves to extend the waiver beyond that which Congress intended.'" Chomic v. United States, 377 F.3d 607 (6th Cir. 2004). This Court should decline such an invitation to modify what Congress intended. When a state law, like the repose statute pushed here, conflicts and interferes

with this federal administrative scheme, federal law pre-empts it.[13] Accordingly, the United States motion to dismiss should be denied.

***

[13] The United States motion quotes an Illinois district court case West v. United States, in support of the Government on this issue. However, a closer inspection of those cases cited in West reveals their inapplicability to this case. *E.g.*,

- Brown v. United States, 514 F. Supp. 2d 146 (D. Mass. 2007) (the state statute of repose applies to the private defendant; the United States was dismissed for other reasons);
- Vega v. United States, 512 F. Supp. 2d 853, 860 (W.D. Tex. 2007) ("[T]he Court nevertheless agrees with Plaintiffs that the statute of repose does not bar their negligent construction claim." Further, the Western District of Texas did not address a pre-emption argument);
- Anderson v. United States, No. CCB-08-3, 2010 U.S. Dist. LEXIS 30759, 2010 WL 1346409 (D. Md. Mar 30, 2010) (The court did not address the pre-emption argument nor did it address inability of the plaintiff to comply with both the FTCA and the state repose statute. A later Maryland district court points out both of these failings. Zander v. United States, No. AW-09-2649, 2011 U.S. Dist. LEXIS 9860, at *10–12 (D. Md. Feb. 2, 2011));
- Manion v. United States, No. CV-06-739-HU, 2006 U.S. Dist. LEXIS 76028, 2006 WL 2990381 (D. Or. Oct. 18, 2006) (like Anderson, the court did not address pre-emption or conflicting requirements in this real property case);
- Simmons v. United States, 225 F.R.D. 688, 689 (N.D. Ga. 2004) (cited in the Government's brief as *Estate of Elliot*) (Like Brown, the court only dismissed the private defendants on the state statute of repose. The United States was not even a party to the motion to dismiss).
- Simpkins v. United States, No. EDCV09-2265 ODW (DTBx) (C.D. Cal. Feb. 17, 2011) (Like Anderson and Manion, the court does not address pre-emption or conflicting requirements).

The only case that actually finds the result the defendant seeks is the outlier case West v. United States, No. 08-646-GPM, 2010 U.S. Dist. LEXIS 126404 (S.D. Ill. Oct. 25, 2010). West relies on the above cases that are not actually applicable to the issue. West also never addresses the situation where a plaintiff cannot comply with both the FTCA and the repose statute. In West, the court sidesteps the issue by footnoting that it was possible for the plaintiff to comply with both. Id. at *11 n.1. To do so, however, the plaintiff would have had to file suit before the agency had an opportunity to resolve his claim in violation of Conn. 867 F.2d at 917. Finally, the West court does not address the fact that a substantive state law can directly conflict with a federal law.

A better case is Zander v. United States, No. AW-09-2649, 2011 U.S. Dist. LEXIS 9860 (D. Md. Feb. 2, 2011). Like Mrs. Cloer, the plaintiff in Zander was injured because of the Government's failure to diagnose her condition for years. In Zander, the plaintiff could not comply with both the FTCA administrative scheme and the state law. Id. at *14–15. The court held that the

Continued on Next Page…

### III. SSG Cloer's Claim is not Barred by the Tennessee Repose Statute

Assuming *arguendo* that the Tennessee repose statute applies, SSG Cloer's claims are still not barred. In an attempt to place SSG Cloer's claim outside of the three year time limit, the United States ignored several acts of negligence that place SSG Claim's within the repose limit, including negligent conduct its own expert acknowledged (*See* FN 3, *supra,* and Exhibit A, attached). The United States represented that August 6, 2006, was the last operative date of negligence for purposes of the repose statute. (*See* United States of America's Memorandum in Support of its Motion to Dismiss Plaintiff's Proposed First Amended Complaint, Doc. 23). It is not, and by some measure. For purposes of a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff. Blakely v. United States, 276 F.3d 853, 863 (6th Cir. 2002). A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (applying Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Igbal, 129 S. Ct. 1937 (2009)).

The following is a factual summary of the salient negligent facts **from August 2006 forward** the United States neglected to detail in its motion and which, taken as true, establish SSG Cloer's claims as timely, even under the state repose statute:

- On August 6, 2006, Mrs. Cloer presented to the ER at Blanchfield Army Community Hospital (BACH), still with classic signs and symptoms of rectal cancer. Plaintiff's First Amended Complaint, Doc 22-1, ¶6.5, 6.6. This time, the symptoms were far more severe than previous visits: abdominal and flank pain; rectal bleeding; bloody stools; nausea; diarrhea; fever; weight loss of 20 pounds in two months; and blood in the urine. Id. Again, Mrs. Cloer made several visits to her primary care provider

---

Maryland case that West relied on was inapposite and the FTCA pre-empted the state law because there was a clear conflict. Id. at *11, *15.

- throughout the remainder of 2006 but they made no attempt to rule out cancer. Id.

- On September 26, 2006, Mrs. Cloer again presented to the ER at BACH complaining of severe, and sometimes debilitating, signs and symptoms of rectal cancer, including rectal bleeding and bloody stools. Id. The standard of care required identifying these as potential symptoms of rectal cancer and providing a colonoscopy to rule out cancer. Id. Again, BACH doctors failed to rule out cancer and improperly diagnosed hemorrhoids. Id. at ¶6.6.

- Ms. Cloer followed up with her primary care clinic at BACH on October 4, 2006, as instructed by her emergency room physician on the September 26, 2006, visit. Id. Despite reviewing the medical records from her ER visit a week prior that noted the constellation of cancer symptoms Ms. Cloer presented with, the BACH clinic providers failed to have Ms. Cloer examined to rule out rectal cancer, failed to inform her of her possible cancer status, and failed to ensure that she had a surgery consult for her symptoms. Id.

- Mrs. Cloer was born on October 14, 1956, meaning that on October 14, 2006 she would turn 50. Id. As a matter of course, the standard of care requires, and the American Medical Association recommends, offering patients who turn fifty a colonoscopy to screen for rectal cancer even without any presenting symptoms. Id. However, from **October 14, 2006 to October 14, 2007**, despite numerous clinic visits and a year plus history of the most common signs and symptoms of rectal cancer, BACH healthcare providers violated the standard of care by failing to screen her for rectal cancer with a colonoscopy. Id. (Emphasis added).

- Not until **March 19, 2007**, approximately **one year after** the initial need for a surgery consult was placed into Ms. Cloer's records but never scheduled by BACH, did the consult get scheduled. Id. at ¶6.7. On or about March 19, 2007, BACH finally authorized the surgery consult with a private practicing bariatric surgeon, Dr. Steely. Id. Dr. Steely reviewed Ms. Cloer's records and immediately noted Ms. Cloer's history of bloody stools, irregular and painful bowel movements, and abdominal pain. Id. He noted that BACH should evaluate Ms. Cloer's bloody stools and offered to perform a diagnostic colonoscopy himself if authorized by BACH in the event BACH could not perform it (BACH was equipped to perform a colonoscopy for Ms. Cloer at all times relevant to this suit). Id.

- Despite the consulting surgeon's recommendation, BACH did not immediately perform a colonoscopy or authorize one to be performed by Dr. Steely at his office. Id. at ¶6.8. Over the next **6 months** [now placing the timeline ignored by the United States into September 2007] Ms. Cloer's rectal cancer symptoms intensified and continued with BACH's

— 14 —

> knowledge. Id. BACH healthcare providers failed to follow up on the private surgeon's recommendations for an immediate colonoscopy and failed to perform any other rectal cancer screening or investigation. Id.

The factual allegations plead above, and taken as true, clearly place SSG Cloer's claims within the three year statute of repose.[14] SSG Cloer filed suit on November 24, 2009. It is undisputed that Ms. Cloer repeatedly returned to BACH for care well past August 2006, through the end of 2006, through 2007, up until she was diagnosed in February 2008. The United States was negligent for failing to diagnose and treat her cancer up until her date of diagnosis. *See* Plaintiff's First Amended Complaint, ¶6.7-6.12. Using any of these three time periods (December 2006, all of 2007, and through Feb 2008), SSG Cloer's suit filed on November 24, 2009, was timely as it fell within the three year repose statute.[15]

The United States also ignored another fact which effectively ends the discussion of the state repose statute barring SSG Cloer's claim. SSG Cloer first provided written notice of his claims to the United States pursuant to Tenn Code Ann. §29-26-121 on May 5, 2009. *See* Plaintiff's First Amended Complaint, Doc 21-1, ¶7.1 (notice letter and proof of service attached as Exhibit A to Plaintiffs' Original Complaint, Doc. 1). §29-26-121 contains a provision that

---

\*\*\*

[14] In the event the United States replies that its negligence cutoff date—for purposes of the repose application—should still be August 2006 because that was "more likely than not" the last time intervention would have saved Ms. Cloer's life, SSG Cloer attaches the expert reports of the following experts all of whom conclude that the negligence continued beyond the **end of 2006** and that at any time until the start of 2007, Ms. Cloer's cancer would have been curable had it been caught: 1) Dr. Alan Herline, Vanderbilt University School of Medicine, Professor of Colorectal Surgery; and 2) Dr. James Stark, board certified oncologist and Professor of Oncology at Eastern Virginia Medical School, Harvard Medical School, *cum laude* graduate. The signed reports are attached collectively as Exhibit F.

[15] Using these dates, the claim was timely if filed by the end of December 2009, any month in 2010, and through February 6, 2011.

tolls the repose statute upon a Defendant's receipt of written notice. §29-26-121(c), in effect at the time of SSG Cloer's May 5, 2009 notice, provides in relevant part:

> "If notice is given as provided in this section, the applicable statute of limitations **and repose** shall be extended for a period up to ninety (90) days." (Emphasis added).[16]

Using the accurate dates as described above and plead in SSG Cloer's First Amended Complaint, and then applying the required ninety day tolling provision found in §29-26-121(c), SSG Cloer's claims fall well within the statute of repose.[17] The required ninety (90) day tolling provision of the repose statute places SSG Cloer's claim well within the accurate factual scenario of the United States' negligence. Accordingly, SSG Cloer respectfully requests for the Court to issue a swift denial of the United States motion to dismiss.

## PRAYER

The United States ignores a conflict of state and federal law to argue for dismissal of a meritorious case less than two months after their expert admitted to breaches of the standard of care, causation and damages, and almost half a year after the dispositive motion deadline. Further, even assuming the application of the state repose statute, SSG Cloer's claims were timely filed. Due to the proximity to the trial date in which the United States files its late motion, SSG Cloer respectfully requests that the Court address the United States' meritless motion

***

[16] 29-26-121(c) was amended, effective July 1, 2009, to extend the tolling of the repose statute to 120 days. So using the most recent statutory version, SSG Cloer's claim would be timely filed even using the United States' inaccurate factual predicate of August 2006.

[17] December 2009 + 90 days = March 2009 as deadline for timely filing; Any month in 2010 + 90 days = any time in 2010/early 2011 as timely date; February 6, 2012 + 90 days = May 2012 as deadline for timely filing.

quickly so that settlement discussions can continue in full, or in the alternative deny any late request by the United States for another continuance of the trial date currently set for May 31, 2011. Accordingly, for any of the multiple reasons described in this response, the United States' motion to dismiss should be denied.

        Respectfully Submitted,

        _____
        **JAMAL K. ALSAFFAR,** *pro hac vice*
        Texas State Bar Number: 24027193
        ARCHULETA, ALSAFFAR & HIGGINBOTHAM
        P.O. Box 340639
        Austin, Texas 78734
        Telephone: 512-266-7676
        Fax: 512-266-4646

        **DAVID E. HIGH**
        Tennessee State Bar No. 7052
        High Law Office
        Court Square Building, 2nd Floor
        300 James Robertson Parkway
        Nashville, TN 37201
        Telephone: (615)256-1000
        Telefax: (615)256-1009

        **ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I certify that a copy of this motion has been sent to the following on May 3, 2011, via the Court's CM/ECF notice system, by certified mail, return receipt requested, and email:

S. DELK KENNEDY
Assistant United States Attorney
Middle District Tennessee
110 9th Ave., Suite A-961
Nashville, Tennessee 37203
Telephone: (615) 736-5151
Telefax: (615) 736-5323
E-mail: delk.kennedy@usdoj.gov

**ATTORNEYS FOR DEFENDANT, U.S.A.**