**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| SSG ADAM CLOER, Surviving Spouse<br>and Administrator and Personal Representative<br>of the Estate of MELODEE CLOER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-cv-1119 |
| | ) | Judge Nixon |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Brown |
| | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## <u>ORDER</u>

Pending before the Court are Plaintiff Adam Cloer's ("Plaintiff") Motion for Leave to

File First Amended Complaint (Doc. No. 21), which is unopposed and now **GRANTED**, and

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 22). Defendant

filed a Memorandum in Support of the Motion to Dismiss. (Doc. No. 23.) Plaintiff filed a

Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 25) and Defendant filed a

Reply (Doc. No. 31). Also pending before the Court is Plaintiff's Motion for Leave to File Sur-

reply, which is **GRANTED**. (Doc. No. 35.) For the reasons stated below, Defendant's Motion

to Dismiss is **DENIED**.

1

# I.   BACKGROUND

*A. Factual Background* [1]

On March 2, 2006, at the age of 49, Melodee Cloer ("Ms. Cloer") visited the Blanchfield Army Community Hospital ("BACH") at Fort Campbell with symptoms often associated with rectal cancer. Ms. Cloer was diagnosed with hemorrhoids and given pain medication, and no testing was done to rule out rectal cancer. Ms. Cloer returned to BACH the following day with intensified symptoms. Ms. Cloer was re-diagnosed with hemorrhoids. Again, no BACH medical provider investigated the possibility of rectal cancer. A referral to a general surgeon was noted in Ms. Cloer's, but BACH failed to arrange for the referral and it did not occur. Ms. Cloer continued to have symptoms of rectal cancer and visited BACH in April, May, and June 2006. BACH providers continued to treat the symptoms but did not investigate the possibility of rectal cancer or arrange for the referral to the general surgeon during this time. No provider informed Ms. Cloer that her symptoms were typical of rectal cancer.

On August 6, 2006, and September 26, 2006, Ms. Cloer visited the BACH emergency room with additional and intensified symptoms of rectal cancer. Again, she was diagnosed with hemorrhoids and given pain medication. No tests were performed to rule out the possibility of rectal cancer. Screening for colorectal cancer is required by the standard of care when a patient is at or near 50 years old and presenting with multiple symptoms. A colonoscopy is the standard screening tool used for diagnosing colorectal cancer. BACH was at all relevant times equipped to perform a colonoscopy but did not perform a colonoscopy on Ms. Cloer. Ms. Cloer followed

---

[1] All facts are drawn from Plaintiff's First Amended Complaint (Doc. No. 21-1) unless otherwise noted. The Court recognizes that Plaintiff has now filed a Second Amended Complaint with additional facts (Doc. No. 39). However, the additional facts do not affect the resolution of Defendant's Motion.

up with the primary care clinic at BACH on October 4, 2006. The clinic providers failed to have Ms. Cloer examined for rectal cancer, failed to inform her that she may have cancer, and failed to ensure that she had a surgery consult for her symptoms.

Ms. Cloer regularly visited BACH with the same or similar symptoms over the next several months. On March 19, 2007, BACH authorized a surgical consult with a bariatric surgeon, Dr. Steely. Dr. Steely noted that BACH should evaluate Ms. Cloer's symptoms and offered to perform a diagnostic colonoscopy himself if BACH would authorize it. BACH did not immediately authorize the colonoscopy at Dr. Steely's office or perform a colonoscopy on Ms. Cloer. Ms. Cloer continued to visit BACH with the same symptoms over the next six months, but the providers did not perform any testing for rectal cancer.

On September 20, 2007, Ms. Cloer has a surgical consult at BACH. The record from this visit notes that BACH never performed a full colon evaluation on Ms. Cloer and that a colonoscopy must be performed to rule out causes for her symptoms other than hemorrhoids. Plaintiff, Ms. Cloer's husband, had a permanent change of station order that required the family to be transferred to Fort Leonard Wood, Missouri. A BACH doctor stated in the medical record that he would contact the surgeon at Fort Leonard Wood to ensure continuity of care, but this consultation never occurred.

Ms. Cloer had a surgical consult at Fort Leonard Wood on February 5, 2008. At this time, Ms. Cloer was diagnosed with advanced rectal cancer that had also spread to her lymph nodes. Ms. Cloer underwent chemotherapy, radiation therapy, and several invasive surgical procedures that left her disfigured. Ms. Cloer passed away due to the rectal cancer on May 6, 2010.

Plaintiff Adam Cloer, Ms. Cloer's surviving husband, alleges that Defendant's negligence, wrongful acts, and omissions in failing to diagnosis and treat Ms. Cloer's cancer is the proximate cause of Ms. Cloer's suffering and death and of her family's resulting suffering. Plaintiff brings this action under the Tennessee Wrongful Death Statute, Tenn. Code Ann. § 20-5-106, *et seq.*, the laws of the State of Tennessee, and the Federal Tort Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, *et seq.*

Defendant moves to dismiss Plaintiff's action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, claiming that the action is barred by Tennessee's three-year statute of repose for medical malpractice actions. (Doc. No. 23 at 1.)

B. *Procedural Background*

Melodee and Adam Cloer initiated this suit for medical malpractice against the United States of America on November 24, 2009. (Doc. No. 1.) Plaintiff filed an unopposed Motion for Leave to File a First Amended Complaint (Doc. No. 21) and First Amended Complaint (Doc. No. 21-1) on March 29, 2011, subsequent to the death of Melodee Cloer, adding a claim for wrongful death. That Motion has now been granted. On April 22, 2011, Defendant filed a Motion to Dismiss (Doc. No. 22) and a Memorandum in Support (Doc. No. 23). Plaintiff filed a Response in Opposition on May 3, 2011. (Doc. No. 25.) Defendant filed a Reply to Plaintiff's Response on May 16, 2011. (Doc. No. 31.) Plaintiff filed a Motion for Leave to File a Sur-reply (Doc. No. 35) and Sur-reply (Doc. No. 35-1). Plaintiff has subsequently filed an unopposed Motion for Leave to File a Second Amended Complaint (Doc. No. 37), which has been granted in a separate order of this Court (Doc. No. 38).

## II.    LEGAL STANDARD

When ruling on a defendant's motion to dismiss, the Court "[c]onstrue[s] the complaint liberally in the Plaintiffs' favor and accept[s] as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). The Court must allow "[a] well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly,* 550 U.S. at 556 (quoting *Schuer v. Rhodes*, 534 U.S. 232, 236 (1974)).

To survive a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), Plaintiff must only show that "the complaint alleges a claim under federal law, and that the claim is 'substantial.'" *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996) (citing *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984)). Additionally, 28 U.S.C. § 1367(c)(3) allows the district court to "decline to exercise supplemental jurisdiction over a claim . . . [when] the district court has dismissed all claims over which it has original jurisdiction." The Sixth Circuit has held that "if federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)).

## III.    ANALYSIS

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims because they are barred by Tennessee's three-year statute of repose, Tenn. Code Ann. § 29-26-116(a)(3), for medical malpractice actions. (Doc. No. 23 at 1.) Defendant argues that Tennessee's repose statute applies to this case because the FTCA provides recovery only if the United States would be liable as a private person under the laws of the state in which the

bar Plaintiff's claim against an individual party in Tennessee and thus necessarily bar this action against Defendant. (Doc. No. 23 at 5-6.)

Plaintiff responds that Defendant's Motion should be denied because it was filed after the dispositive motion deadline set by this Court. (Doc. No. 25 at 2-4.) Plaintiff further argues that the FTCA preempts Tennessee's statute of repose so that it does not apply to this case. (Doc. No. 25 at 4-12.) Finally, Plaintiff responds that regardless of whether the statute of repose applies, Defendant misconstrues the alleged facts which establish ongoing negligence up until the date of Ms. Cloer's diagnosis, placing Plaintiff's claims within the three-year repose period. (Doc. No. 25 at 13-16.)

The Court declines to deny Defendant's Motion to Dismiss on the grounds that it was filed after the dispositive motion deadline. "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Because the resolution of this issue may extinguish the Court's jurisdiction over Plaintiff's claim, the Court will evaluate Defendant's Motion to Dismiss on its merits.

The FTCA confers jurisdiction in the district courts over claims for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1431(b)(1). However, the United States will only be liable for such claims "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* As a result, the FTCA applies the substantive law of the state in which the alleged act or omission occurred. *Ward v. United States*, 838 F.2d 182, 184 (6th Cir. 1988). Additionally, a tort claim against the United States is barred unless the plaintiff meets the

requirements of the FTCA's statute of limitations in 28 U.S.C. § 2401(b). The parties do not dispute that Plaintiff fulfilled the requirements of § 2401(b).

The parties do dispute whether the statute of limitations in § 2401(b) preempts Tennessee's statute of repose. Tennessee law establishes a three-year statute of repose for medical malpractice claims. Tenn. Code Ann. § 29-26-116(a)(3). Under the statute, no malpractice action shall be brought "more than three (3) years after the date on which the negligent act or omission occurred." *Id.* The statute of repose is distinguished from a statute of limitations as substantive law, rather than merely procedural. *Mills v. Wong*, 155 S.W.3d 916, 920 (Tenn. 2005); *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995). Rather than barring a cause of action that has accrued, the typical effect of a statute of repose is to prevent a cause of action from arising at all. *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005).

Defendant argues that "Plaintiff's action is based on negligence alleged to have occurred between March and August 2006," more than three years before Plaintiff filed the action in this Court on November 24, 2009, placing the alleged negligence outside of the statute of repose. (Doc. No. 23 at 5.) The Court agrees with Plaintiff that Defendant mischaracterizes the alleged facts of its negligence. Plaintiff's Complaint alleges that Ms. Cloer "regularly presented" to BACH with symptoms of rectal cancer throughout the end of 2006 and early 2007. (Doc. No. 21-1 at 8.) Plaintiff alleges that on March 19, 2007, a private surgeon recommended BACH either perform a colonoscopy on Ms. Cloer or authorize him to perform the test in his office, but that BACH did neither. (*Id.*) Plaintiff also alleges that BACH did not perform a colon evaluation after Ms. Cloer finally received a surgical consult at BACH on September 20, 2007,

7

21-1 at 8.) Plaintiff alleges that on March 19, 2007, a private surgeon recommended BACH either perform a colonoscopy on Ms. Cloer or authorize him to perform the test in his office, but that BACH did neither. (*Id.*) Plaintiff also alleges that BACH did not perform a colon evaluation after Ms. Cloer finally received a surgical consult at BACH on September 20, 2007, and that BACH did not consult with the medical provider at Fort Leonard Wood after that consult to ensure continuity of care and a prompt diagnosis after her move. (*Id.* at 9.)

Construing the Complaint in Plaintiff's favor, the Court finds that the cause of action is based on continuing failure to diagnose and treat Ms. Cloer's cancer up until the time of her diagnosis in February, 2008. Plaintiff filed this claim in November, 2009. (Doc. No. 1.) Thus, the Court finds that Plaintiff's claim was filed within three years after the alleged malpractice, satisfying Tennessee's statute of repose for medical malpractice claims. Because Plaintiff's claim would not be barred by the Tennessee statute of repose, the Court need not determine whether it is preempted by the FTCA, as it has no impact on the outcome of Defendant's Motion.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff has met its burden under Fed. R. Civ. P. 12(b)(1) to allege a valid claim under federal law. The Court hereby **DENIES** Defendant's Motion to Dismiss.

It is so ORDERED.

Entered this the ___7___ day of June, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT